## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **Gerri Lane Corporation** | ) | **No. 10 B 38102** |
| | ) | |
| **26-0004935** | ) | **Chapter 7** |
| **Debtor** | ) | |
| | ) | **Hon. A. Benjamin Goldgar** |

### FIRST AND FINAL APPLICATION
### OF ALAN D. LASKO & ASSOCIATES, P.C.
### FOR ALLOWANCE COMPENSATION AND EXPENSES

**ALAN D. LASKO AND ALAN D. LASKO & ASSOCIATES, P.C.,** Certified Public Accountants, request first and final compensation of $2,585.50 and expenses of $18.14 for the time period from June 11, 2012 through August 21, 2012. A detail is provided herein for the Estate, which identifies by subject matter the services performed by the Applicant. Additional detail is provided to reflect the function and individual performing said services. Lastly, each individual's classification and hourly rate is also reflected. In addition, attached is the Affidavit pursuant to Bankruptcy Rule 2016.

## INTRODUCTION

This Court has jurisdiction over this First and Final Fee Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory predicates for the relief requested herein are Sections 328, 330 and 331 of Title 11 of the United States Code (11 U.S.C. §§ 101-1532, the "Bankruptcy Code"), as supplemented by Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 promulgated by the United States Department of Justice, dated on January 30, 1996 (the "UST Guidelines").

Under Rule 2016(b), the Firm has not shared, nor agreed to share, (a) any compensation it has received or may receive in these cases with another person or party other than the Firm's associates and other employees, or (b) any compensation another person or party has received or may receive in these cases.

## GENERAL

The Debtor filed a petition under Chapter 11 on or about August 25, 2010 and converted to a legal proceeding under Chapter 7 on January 18, 2012. A Trustee was subsequently appointed. On June 11, 2012, Alan D. Lasko & Associates, P.C. was approved by the Court issued as the accountants for the Trustee. Reflected in this Fee Application is the Applicant's time for the preparation of the Estate's final short year 2012 income tax return.

## FEE APPLICATION

The fees sought by this First and Final Fee Application reflect an aggregate of 22.3 hours of ADLPC's time spent and recorded in performing services during the First and Final

GRANT PLANE CORPORATION

Compensation Period. This fee request does not include time that might be construed as duplicative or otherwise not beneficial to the Trustee or the Debtor's Estate, which has already been eliminated by ADLPC. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered (d), the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

All of the services for which first and final compensation is sought were rendered solely in connection with this case, in furtherance of the duties and functions of the Trustee and not on behalf of any individual creditor or other person.

ADLPC has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in this case.

ADPC has not shared, or agreed to share (a) any compensation it has received or may receive with another party or person, other than with the associates of the Firm, or (b) any compensation another person or party has received or may receive. No promises have been received by ADLPC as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

3

### GRANT LANE CORPORATION

## BREAKDOWN BY CATEGORIES

The categories in this Application as listed below:

## BILLING

The Applicant has incurred 1.2 hours in the preparation of this fee Application.

   Cost    $117.00

A recap of compensation for this category is as follows:

|  | Hours | Rate | Amount |
|---|---|---|---|
| A. Lasko | 0.2 | $ 275.00 | $ 55.00 |
| C. Wilson, Staff | 1.0 | 62.00 | 62.00 |
|  | 1.2 |  | $ 117.00 |

## TAX PREPARATION

The Applicant incurred 21.1 hours in the preparation of the Estate's final workpapers for 2011 and the workpapers and year-end tax returns for 2012.

It should be noted that the year 2011 tax return was not initially turned over to the Trustee. Only the year 2010 return was turned over. Therefore work began by the Applicant in summarizing the Chapter 11 Operating Reports and preparing adjustments as needed. As this work was almost completed, the year 2011 return of the Debtor was turned over. This return was prepared post-petition by the Debtor. The return was then used as a basis to prepare the initial and final short period return of this Estate. Additionally, estimated time is included in the Application for the preparation of the final information tax returns of the Estate.

   Cost    $2,958.00

4

A recap of compensation for this category is as follows:

|  | Hours | Rate | Amount |
|---|---|---|---|
| A. Lasko (Post 07/01/12) | 3.2 | $ 275.00 | $ 880.00 |
| A. Lasko (Pre 07/01/12) | 1.8 | 270.00 | 486.00 |
| L. Li, Accounting Supervisor | 3.9 | 186.00 | 725.40 |
| J. Lasko, Staff (Post 07/01/12) | 6.3 | 72.00 | 453.60 |
| J. Lasko, Staff (Pre 07/01/12) | 5.9 | 70.00 | 413.00 |
|  | 21.1 |  | $ 2,958.00 |

The Applicant reflects hourly rates and hours worked by each person by function. The recap also reflects the cost of each function performed. In order to assist the Court and parties in interest to evaluate this fee request, your Applicant has reflected below the range of rates charged by staff level.

| Owner | $260 | - | $275 |
|---|---|---|---|
| Manager/Director | 220 | - | 260 |
| Supervisors | 160 | - | 220 |
| Senior | 120 | - | 160 |
| Assistant | 65 | - | 120 |

To provide an orderly and meaningful summary of the services rendered by ADLPC in accordance with its employment, ADLPC has summarized the services provided by the project billing categories for its first and final fee period are as follows:

| Recap by Project | Amount |
|---|---|
| Billing | $ 117.00 |
| Tax Preparation | 2,958.00 |
| Discount | (489.50) |
| Net Request | $ 2,585.50 |

CRRIPLANE CORPORATION

| Recap by Hour | Hours | Amount | Blended Rate |
|---|---|---|---|
| Billing | 1.2 | $ 117.00 | $ 97.50 |
| Tax Preparation - Net | 21.1 | 2,468.50 | $ 116.99 |
| | 22.3 | $ 2,585.50 | $ 115.94 |

## EXPENSES

It is the Firm's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is the Firm's policy to charge its client only the amount actually incurred by the Firm in connection with such items. Examples of such expenses are postage, overnight mail, courier delivery, transportation, airfare, meals, and lodging.

| | | |
|---|---|---|
| Copy Costs | $ | 13.10 |
| Postage | | 5.04 |
| | $ | 18.14 |

## ALLOWANCE OF COMPENSATION

The foregoing professional services rendered during the Compensation Period were necessary and appropriate to the administration of the Chapter 7 case and was in the best interests of the parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. ADLPC has taken significant efforts to ensure that the professional services were performed with expedience and in an efficient manner and without duplication of effort.

Section 330 provides that a court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including.
>
> (A)   the time spent on such services;
>
> (B)   the rates charged for such services;
>
> (C)   whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;
>
> (D)   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and
>
> (E)   whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330(a)(3).

In the instant case, ADLPC respectfully submits that the services for which it seeks compensation in this First and Final Fee Application were necessary for and beneficial to the Trustee's efforts in administering the Debtor's Estate, and necessary to and in the best interests of the Debtor's Estate. ADLPC further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services provided to the Trustee and the Debtor's Estate.

7

The rates charged by ADLPC in this case are standard for any bankruptcy matter, and are identical to the rate it would charge throughout the country in any bankruptcy case of this size and prominence.

In sum, the services rendered by ADLPC were necessary and beneficial to the Debtor's Estate, and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. As shown by this First and Final Fee Application and supporting exhibits, ADLPC incurred professional time economically and without unnecessary duplication of effort. In addition, the work involved, and thus the time expended, was carefully assigned in view of the experience and expertise required for a particular task. Accordingly, approval of the first and final compensation sought herein for the Compensation Period is warranted.

## CONCLUSION AND REQUEST FOR RELIEF

Based upon the foregoing, your Applicant submits that the relief requested is justified in the circumstances and its allowance would be appropriate. Therefore, the requested first and final compensation of $2,585.50 and expenses of $18.14 should be allowed for services by your Applicant for the period June 11, 2012 through August 21, 2012.

_____
Alan D. Lasko


Alan D. Lasko & Associates, P.C.
29 South LaSalle Street
Suite 1240
Chicago, Illinois  60603
(312) 332-1302

8

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Gerri Lane Corporation | ) | No. 10 B 38102 |
| | ) | |
| 26-0004935 | ) | Chapter 7 |
| Debtor | ) | |
| | ) | Hon. A. Benjamin Goldgar |

### AFFIDAVIT PURSUANT TO BANKRUPTCY RULE 2016

STATE OF ILLINOIS)
              )     SS.
COUNTY OF COOK )

      I, Alan D. Lasko, being first duly sworn on oath, depose and state as follows:

1.     I am the owner of the Firm ALAN D. LASKO & ASSOCIATES, P.C. ("Lasko") and I am authorized to execute this Affidavit on behalf of Lasko. Lasko is the Court-approved accountants for Brenda Porter Helms, Chapter 7 Trustee in this case ("Trustee").

2.     I have read the First and Final Application of Lasko, for allowable compensation and expenses ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. Lasko has performed the services set forth and described in the Application at the request and pursuant to the direction of the Trustee.

3.     Lasko has not previously received payments for services rendered in connection with this case from the Trustee. Lasko has not entered into any agreement or understanding between itself and any other person for the sharing of compensation received or to be received for services rendered to the Trustee in connection with these cases, except among the members and associates of the Firm.

FURTHER AFFIANT SAYETH NOT.

_____
Alan D. Lasko

Subscribed and Sworn to before me
this _22nd_ day of August, 2012.

_____
Notary Public

OFFICIAL SEAL
CLAUDETTE WILSON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:05/10/16

**<u>EXHIBIT A</u>**

**<u>ORDER OF EMPLOYMENT</u>**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In Re:                                    )          BK No.:    10-38102
GERRI LANE CORPORATION                    )
                                          )          Chapter:  7
                                          )          Honorable A. Benjamin Goldgar
                                          )
                                          )
        Debtor(s)                         )

## ORDER AUTHORIZING EMPLOYMENT OF ACCOUNTANT

AT CHICAGO, ILLINOIS this 11th day of June, 2012, before the Honorable Benjamin
Goldgar, United States Bankruptcy Judge, in the District and Division aforesaid,

IT APPEARING TO THE COURT that the Trustee, Brenda Porter Helms, has filed a Motion to
Employ Accountant; and

IT APPEARING TO THE COURT that due notice has been given and the Court being fully
advised in the matter,

IT IS HEREBY ORDERED that the Trustee is authorized to employ Alan D. Lasko and the
accounting firm of Alan D. Lasko & Associates, P.C. as her accountants in this case. All compensation
is subject to further order of court.

Enter:

Dated:     1 1 JUN 2012

United States Bankruptcy Judge

**Prepared by:**
Brenda Porter Helms
#6184302
3400 W. Lawrence Avenue
Chicago IL 60625
(773)463-6427

Rev: 20120501_bko

**EXHIBIT B**

**PERSONNEL**

The following represents a description of the primary individuals in this engagement.

<u>Alan D. Lasko – CPA, CIRA, CFF</u>

Mr. Lasko has worked primarily in the bankruptcy field over the last 26 years.  He brings his 36 years of experience in providing operational support to Chapter 11 and creditor committees, as well as his technical abilities in various accounting and tax matters in bankruptcy cases. Mr. Lasko has been an expert witness, been appointed as a receiver in State Court, worked as a disbursing agent, made presentations to creditors and their committees and worked with debtor and creditor counsels in formulating plans of reorganizations and disclosure statements. Mr. Lasko is a member of the Certified Insolvency and Restructuring Advisors (CIRA), as well as being Certified in Financial Forensics (CFF).  Mr. Lasko is also a member of the American Bankruptcy Institute, the American Institute of Certified Public Accountants and the Illinois CPA Society.  Mr. Lasko also has instructed and has written seminars on various bankruptcy-related topics.  Last, Mr. Lasko has broad accounting and tax experience in Chapter 7 cases.

<u>Luyan Li, CPA, CVA, Ph.D. – Accounting/Valuation Supervisor</u>

Ms. Li has 6 years of valuation experience and 8 years of performing accounting and tax services.  She has a B.A. from Xi An Jiao Tong University in China and a Ph.D. in Communications Studies from Northwestern University in Evanston.  She is a Certified Public Accountant and a member of the American Institute of Certified Public Accountants and the Illinois CPA Society.  She is also certified by the National Association of Valuation Analysts for her valuation certificate.  In addition, she is a Certified QuickBooks ProAdvisor.

# GERRI LANE CORPORATION

<u>Joseph Lasko – Staff</u>

Mr. Lasko is a first-year intern staff person performing accounting and tax services.  Mr. Lasko has a Bachelor's Degree in Marketing from the University of Iowa.

**EXHIBIT C**

**STAFF LEVELS**

CORRIGANE CORPORATION

## STAFF LEVEL – SUPERVISORS, SENIORS AND ASSISTANTS

### SUPERVISORS

After a period of several years of experience, senior accountants are advanced to the supervisory level. Supervisors have administrative and overview responsibility on a broader level than senior accountants. Supervisors are responsible to keep the manager abreast of the progress of the engagement of the problems encountered in a particular circumstance.

### SENIORS

After a period of usually 2 to 3 years, an individual is advanced to the senior level. Seniors are primarily responsible for the day-to-day functions of fieldwork with the Court. In bankruptcy-related work, audit seniors may also perform specific tasks at the request of a manager or supervisor.

### ASSISTANTS

Staff assistants usually execute basic assignments or tasks. In bankruptcy-related work, assistants primarily perform specific projects at specified times under the supervision of a senior, supervisor or manager.

**<u>EXHIBIT D</u>**

**<u>ACTUAL TIME FROM TIME SLIPS</u>**

**<u>EXHIBIT D-1</u>**

**<u>TAX PREPARATION</u>**

8/20/2012                     Alan D. Lasko & Associates, P.C.
4:25 PM                       Pre-bill Worksheet                       Page     1

---

### Selection Criteria

---

| Clie.Selection | Include: Gerri Lane Corp.002; Gerri Lane Corp.012 |
|---|---|

---

| | |
|---|---|
| Nickname | Gerri Lane Corp.002 | 4038 |
| Full Name | Gerri Lane Corporation |
| Address | c/o Brenda Porter Helms, Trustee |
| | 3400 W. Lawrence |
| | Chicago IL 60625 |
| Phone 1 | Phone 2 |
| Phone 3 | Phone 4 |
| In Ref To | tax preparation |
| Fees Arrg. | By billing value on each slip |
| Expense Arrg. | By billing value on each slip |
| Tax Profile | Exempt |
| Last bill | |
| Last charge | 8/14/2012 |
| Last payment | Amount    $0.00 |

| Date ID | User Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 6/1/2012 107860 | A. Lasko 800 | 270.00 | 0.60 | 162.00 | Billable |
| | set up staff for initial workpaper set up prior to receiving the corporate tax return of the debtor | | | | |
| 6/1/2012 107862 | J. Lasko 800 | 70.00 | 1.40 | 98.00 | Billable |
| | began to summarize the chapter 11 reports for calendar 2011 prior to receiving additional information from the debtor | | | | |
| 6/4/2012 107890 | A. Lasko 800 | 270.00 | 0.20 | 54.00 | Billable |
| | conf call with trustee and debtor's counsel re: follow up to tax issue of trustee, past tax return copies still not had and filing issues needed to know | | | | |
| 6/18/2012 108106 | J. Lasko 800 | 70.00 | 3.60 | 252.00 | Billable |
| | preparation of workpapers and tax returns for 2011 and 2012 | | | | |
| 6/18/2012 108107 | A. Lasko 800 | 270.00 | 0.40 | 108.00 | Billable |
| | prepared follow up information requests to trustee for year 2011 and 2012 | | | | |
| 6/18/2012 108108 | A. Lasko 800 | 270.00 | 0.60 | 162.00 | Billable |
| | review of data received and prepared notes for intiial work by staff related to tax years 2011 and 2012 | | | | |

8/20/2012                                    Alan D. Lasko & Associates, P.C.
4:26 PM                                          Pre-bill Worksheet                              Page      2

Gerri Lane Corp.002:Gerri Lane Corporation (continued)

| Date ID | User Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---------|-----------|---------------|----------------|----------------|-------|
| 6/19/2012 108120 | J. Lasko 800 | 70.00 | 0.90 | 63.00 | Billable |
| | Updated 2011 & 2012 final returns and workpapers - changes and additions | | | | |
| 7/22/2012 108658 | A. Lasko 800 | 275.00 | 0.60 | 165.00 | Billable |
| | review of file and prepared follow up data request to trustee for 2011 and final 2012 tax preparation | | | | |
| 7/29/2012 108769 | A. Lasko 800 | 275.00 | 0.30 | 82.50 | Billable |
| | set up staff for additional work based upon information just received from trustee | | | | |
| 7/30/2012 108780 | A. Lasko 800 | 275.00 | 0.40 | 110.00 | Billable |
| | assist staff with revisions to work performed for 2011 based upon new data received from trustee | | | | |
| 7/30/2012 108801 | J. Lasko 800 | 72.00 | 4.90 | 352.80 | Billable |
| | preparation of workpapers for 2011 and workpapers and tax returns for 2012 based upon additonal information received from the trustee | | | | |
| 8/10/2012 109023 | L. Li 800 | 186.00 | 3.50 | 651.00 | Billable |
| | review of workpapers for 2011 and workpapers and  tax returns for  2012 | | | | |
| 8/12/2012 109045 | A. Lasko 800 | 275.00 | 0.90 | 247.50 | Billable |
| | tax review for final tax discharge of indebtedness and differences between state of illinois sales of assets and federal sales of assets re: deprecation differences in prior years. | | | | |
| 8/13/2012 109059 | A. Lasko 800 | 275.00 | 0.60 | 165.00 | Billable |
| | tax review of tax discharge filing and discharge amounts for short period final 2012 | | | | |
| 8/13/2012 109069 | A. Lasko 800 | 275.00 | 0.40 | 110.00 | Billable |
| | sign off of federal and state tax returns - short period final 2012 | | | | |
| 8/14/2012 109107 | J. Lasko 800 | 72.00 | 1.40 | 100.80 | Billable |
| | Estimated time to prepare estate's final information tax returns and cover letter to trustee | | | | |

Alan D. Lasko & Associates, P.C.
Pre-bill Worksheet

Gerri Lane Corp.002:Gerri Lane Corporation (continued)

| Date ID | User Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 8/14/2012 109108 | L. Li 800 | 186.00 | 0.40 | 74.40 | Billable |
| | Estimated time to review estate's final information tax return and cover letter to trustee | | | | |
| TOTAL | Billable Fees | | 21.10 | | $2,958.00 |

| Date ID | User Expense | Price Markup % | Quantity | Amount | Total |
|---|---|---|---|---|---|
| 8/13/2012 109074 | C. Wilson 115 | 13.10 | 1.000 | 13.10 | Billable |
| | Photocopy costs for 2012 Forms 1120S income tax returns - 131 pages @ $.10 per page. | | | | |
| 8/13/2012 109075 | C. Wilson 105 | 5.04 | 1.000 | 5.04 | Billable |
| | Postage for 2012 Forms 1120S income tax returns sent to Brenda Porter Helms. | | | | |
| TOTAL | Billable Costs | | | | $18.14 |

## Calculation of Fees and Costs

| | Amount | Total |
|---|---|---|
| Fees Bill Arrangement: Slips By billing value on each slip. | | |
| Total of billable time slips | $2,958.00 | |
| Total of Fees (Time Charges) | | $2,958.00 |
| Costs Bill Arrangement: Slips By billing value on each slip. | | |
| Total of billable expense slips | $18.14 | |
| Total of Costs (Expense Charges) | | $18.14 |
| Total new charges | | $2,976.14 |
| New Balance Current | $2,976.14 | |

8/20/2012                                                   Alan D. Lasko & Associates, P.C.
4:26 PM                                                        Pre-bill Worksheet                                         Page      4

Gerri Lane Corp.002:Gerri Lane Corporation (continued)

|  | Amount | Total |
|---|---|---|
| Total New Balance |  | $2,976.14 |

**EXHIBIT D-2**

**BILLING TIME**

8/20/2012                           Alan D. Lasko & Associates, P.C.
4:26 PM                                 Pre-bill Worksheet                              Page      5

| Nickname | Gerri Lane Corp.012 \| 4039 |
| Full Name | Gerri Lane Corporation |
| Address | c/o Brenda Porter Helms, Trustee |
| | 3400 W. Lawrence |
| | Chicago IL 60625 |
| Phone 1 | Phone 2 |
| Phone 3 | Phone 4 |
| In Ref To | fee petition |
| Fees Arrg. | By billing value on each slip |
| Expense Arrg. | By billing value on each slip |
| Tax Profile | Exempt |
| Last bill | |
| Last charge | 8/20/2012 |
| Last payment | Amount    $0.00 |

| Date | User | Rate | Hours | Amount | Total |
| ID | Task | Markup % | DNB Time | DNB Amt | |
|------|------|------|-------|--------|-------|
| 8/15/2012 | C. Wilson | 62.00 | 1.00 | 62.00 | Billable |
| 109113 | 800 | | | | |
| | Prepared fee petition. | | | | |
| 8/20/2012 | A. Lasko | 275.00 | 0.20 | 55.00 | Billable |
| 109195 | 800 | | | | |
| | Prepared fee petition | | | | |
| TOTAL | Billable Fees | | 1.20 | | $117.00 |

| Total of billable expense slips | $0.00 |
|---|---|

## Calculation of Fees and Costs

| | Amount | Total |
|---|---|---|
| Fees Bill Arrangement: Slips | | |
| By billing value on each slip. | | |
| Total of billable time slips | $117.00 | |
| Total of Fees (Time Charges) | | $117.00 |
| Total of Costs (Expense Charges) | | $0.00 |
| Total new charges | | $117.00 |
| New Balance | | |
| Current | $117.00 | |

8/20/2012                                     Alan D. Lasko & Associates, P.C.
4:26 PM                                          Pre-bill Worksheet                                    Page       6

Gerri Lane Corp.012:Gerri Lane Corporation (continued)

|  | Amount | Total |
|---|---|---|
| Total New Balance |  | $117.00 |